# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| JENNIFER L. CHAMPY, ) | Civil Action No. 3:15-cv-04098-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BEAZER HOMES CORPORATION; ) | |
| BEAZER HOMES USA, INC.; BEAZER ) | **ORDER AND OPINION** |
| HOMES – COLUMBIA DIVISION; ) | |
| BEAZER HOMES, INC., AND DON ) | |
| GARNER, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| BEAZER HOMES CORPORATION, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| THE SHERWIN-WILLIAMS COMPANY, ) | |
| ) | |
| Third-Party Defendant. ) | |
| ) | |

This matter came before the court on Defendant Don Garner's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 26. After considering the submissions of counsel, and for the reasons that follow, Defendant Don Garner's motion is **GRANTED** and Plaintiff's claims against him are hereby **DISMISSED** with prejudice.

## BACKGROUND

On April 18, 2007, Plaintiff Jennifer L. Champy (hereinafter, "Plaintiff") contracted with Beazer Homes Corporation ("BHC") for the purchase of a home located in Chapin, South Carolina. ECF No. 26-2, Agreement to Buy and Sell Real Property.

On July 1, 2015, Plaintiff filed this lawsuit in the Lexington County Court of Common Pleas against Beazer Homes Corporation; Beazer Homes USA, Inc.; Beazer Homes – Columbia Division; Beazer Homes, Inc.; and Don Garner (collectively, "Defendants"). ECF No. 1-1. Plaintiff alleges that she "entered into discussions with, and ultimately contracted with" Defendants for the purchase of a new home in Chapin. Id. ¶8. She alleges that "as part of those discussions and negotiations, the Plaintiff repeatedly advised aforesaid Defendants that she has pre-existing respiratory health concerns and therefore, her newly constructed house would need to be free from excessive or inordinate amounts of dirt, dust, debris, and other contaminants which could aggravate her respiratory issues." Id. ¶9. According to Plaintiff, Defendants acknowledged and agreed to her requirements. Id. ¶10. Plaintiff claims that after moving into the newly-constructed house, she experienced "numerous and worsening health problems." Id. ¶12. In November 2012, she discovered "excessive amounts of dust, dirt, construction debris and the like" under the carpeting in her house, which had been there since construction. Id. ¶14. Plaintiff asserts causes of action against Defendants for negligence, breach of express and implied warranties, and breach of contract due to the health issues she attributes to the material she found beneath her carpet.

According to Defendant Don Garner, he was employed by BHC from early 2005 until January 2008. ECF No. 26-3, Garner Aff. ¶2. He never held a management position with BHC. Id. ¶5. He did participate in the construction of Plaintiff's house in his capacity as an employee of BHC. Id. ¶4. Garner did not have authority to enter into contracts for Beazer, or to handle special requests or changes from prospective homeowners. Id. ¶¶8–10. Garner's employment duties with BHC were primarily to schedule subcontractors and handle their payment requests. Id. ¶4. He did not have authority to select, contract with, hire or fire subcontractors, nor was he authorized to direct subcontractors' means and methods. Id. ¶¶4, 5. Specifically, Garner's job duties included

2

communicating with subcontractors and suppliers to schedule their work, and processing paperwork associated with those parties. Id. ¶4. He was not tasked with inspecting any subcontractor's performance or with personally performing any substantive construction tasks, and did not, in fact, monitor subcontractor performance or perform any construction work. Id.

## PROCEDURAL HISTORY

Plaintiff filed her Complaint in the Lexington County Court of Common Pleas on July 1, 2015. ECF No. 1-1. BHC filed its Notice of Removal to this court on October 1, 2015. ECF No. 1. In its Notice of Removal, BHC asserts that Defendant Don Garner is a sham defendant. Plaintiff has not objected or otherwise responded to the Notice of Removal. Defendant Don Garner filed his Motion to Dismiss on January 15, 2016. ECF No. 26. Plaintiff did not file a response.

## STANDARD OF REVIEW

A claim survives a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that is not plausible must be dismissed. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. While the court must consider the complaint in the light most favorable to the Plaintiff, the court "need not accept 'legal conclusions drawn from the facts [or] unwarranted inferences,

unreasonable conclusions, or arguments." Hughes v. Wells Fargo Bank, N.A., 617 F. App'x 261, 263 (4th Cir. 2015). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if "it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Ridpath v. Bd. of Governors Marshall Univ., 447 F.3d 292, 317 (4th Cir. 2006).

## DISCUSSION

### 1.   Negligence

A negligence claim requires that the defendant owe a duty of care to the plaintiff; the existence of any duty is determined by the court. E.g., Doe v. Marion, 645 S.E.2d 245, 250 (S.C. 2007). Claims "predicated on the alleged breach, or even negligent breach, of a contract between the parties," cannot succeed in a tort action. Meddin v. Southern Ry.-Carolina Div., 62 S.E.2d 109, 112 (S.C. 1950). If the alleged tort arises out of a contract, then an independent relationship must exist (outside of that contract) that would give rise to the duty alleged, in order for a negligence claim to be viable. Id. The District Court of South Carolina described the test for determining whether an action sounds in contract or tort:

> If the cause of the complaint be for an act of omission or nonfeasance which, without proof of a contract to do what has been left undone, would not give rise to any cause of action (because no duty apart from the contract to do what is complained of exists) then the action is founded upon contract and not upon tort.

Felder v. Great Am. Ins. Co., 260 F. Supp. 575, 578 (D.S.C. 1966).

Even if a claim sounded in contract could lead to liability for negligence, Defendant Don Garner could not be liable based solely on his capacity as an employee for BHC. In South Carolina, a contractor or contractor's superintendent owes no individual duty to the owner of a construction project by virtue of his position. 16 Jade Street, LLC v. R. Design Const. Co., LLC, 747 S.E.2d 770, 773 (S.C. 2013). An employee's "professional responsibility for the project" is not

4

"tantamount to civil liability", and he will not owe a personal duty as a matter of law. Id. The obligations and liabilities of a business cannot be imputed to employees based merely upon employment. Benjamin v. Wal-Mart Stores, Inc., 413 F. Supp. 2d 652, 657 (D.S.C. 2006).

The duty Don Garner allegedly owed to Plaintiff arises entirely out of Plaintiff's alleged negotiations and contract with the Defendants to construct a house free from excessive or inordinate amounts of dirt, dust, debris, and other contaminants which could aggravate Plaintiff's respiratory issues. Plaintiff does not allege in the pleadings that Don Garner's duty arose from any other independent relationship. The alleged duty is derived in contract, not tort. Therefore, Don Garner cannot be liable to Plaintiff based on a negligence cause of action for his alleged contractual obligation.

Further, the court finds that Don Garner acted only in his capacity as an employee of BHC during his involvement with the construction of Plaintiff's house. He had little, if any, decision making authority in the process of negotiating and constructing homes for BHC. He apparently was an on-site coordinator for subcontractors. Additionally, there is no indication, nor does Plaintiff allege in the pleadings, that Don Garner acted beyond his scope of employment or exerted any unusual level of control over the construction of her house. The court finds that Don Garner did not exercise an owner-like or otherwise unusual level of control. Any duty potentially owed by BHC to keep Plaintiff's construction site "free from excessive or inordinate amounts of dirt" (Compl. at ¶8) cannot be imputed to Don Garner, its employee, by virtue of his employment. As a result, Don Garner owed no duty of care to Plaintiff.

### 2.     **Breach of Contract**

"[S]ome privity of contract must limit the range of a plaintiff in seeking those who are liable to him." Gray v. Ottolengui, 46 S.C.L. 101, 108-09 (S.C. App. L. 1859). A plaintiff cannot

5

maintain a breach of contract claim against a person with whom she did not contract. Bob Hammond Const. Co. v. Banks Const. Co., 440 S.E.2d 890, 891 (S.C. Ct. App. 1994). Nor can a plaintiff recover damages resulting from a breach of contract from a person who was not a party to the contact. Id.; Shaw v. Great Atl. & Pac. Tea Co., 1 S.E.2d 499, 501 (S.C. 1939).

  Plaintiff's breach of contract claim must be limited to those who were parties to the contract. Plaintiff contracted only with BHC for the purchase of her home. ECF No. 26-2. Don Garner was not a party to the contract for the construction or sale of Plaintiff's house; he did not even sign the contract in a representative capacity. ECF No. 26-3 ¶¶8-9. Plaintiff's breach of contract claim against Don Garner fails, and is therefore dismissed.

  **3. Breach of Implied and Express Warranties**

  When a house is sold, "the *vendor* impliedly warrants the house is free from latent defects which would render it unfit for its intended use as a dwelling." Holder v. Haskett, 321 S.E.2d 192, 192 (S.C. Ct. App., 1984) (emphasis added) (citing Lane v. Trenholm Bldg. Co., 229 S.E.2d 728, 729 (S.C. 1976)). Only parties to the home sales contract may be held liable under this theory. Courts will "decline to extend liability on an implied warranty of habitability to those who were not parties to the contract of sale." Id. Likewise, liability for the implied warranty of workmanship is limited to the "builder who contracts to construct a dwelling." Kennedy v. Columbia Lumber & Mfg. Co., 384 S.E.2d 730, 736 (S.C. 1989). Kennedy and its progeny allow a remote purchaser to sue the builder of a home without regard to privity, but liability for workmanship is nonetheless limited to the builder who contracted to construct the allegedly defective home. Id.

  Don Garner was not the seller or builder of Plaintiff's home, so he cannot be held liable in warranty. ECF No. 26-3 ¶¶8, 9, 11. Plaintiff sued Don Garner, as well as the other named defendants, for breach of express warranty and breach of the implied warranties of habitability and

6

workmanship. Because these warranties all spring from the sale or contract for construction of a residence, Don Garner cannot be liable under these theories as a matter of law. Only a seller of residential property is liable under a theory of breach of the warranty of habitability. Don Garner was not a party to the contract for the construction or sale of Plaintiff's house, nor was he the vendor/seller of the house. Id. Liability for express and implied warranties cannot extend to Don Garner because he was a mere employee of BHC. Plaintiff's breach of warranty claims against Don Garner are hereby dismissed.

## CONCLUSION

Plaintiff fails to allege a duty sounding in tort against Don Garner, and South Carolina law does not recognize a tort duty running from the employee of a builder to an ultimate homebuyer. Don Garner was not a party to the contract and cannot be liable under a breach of contract theory. Furthermore, Don Garner did not sell or contract to construct the residence at issue; as such, he cannot be subject to claims for breach of the implied warranties of habitability or workmanship. For the foregoing reasons, defendant Don Garner is hereby dismissed from this action, with prejudice.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
Dated:   March 18, 2016

7