# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| JENNIFER CHAMPY, | ) |
| | ) Civil Action No.: 3:15-4098-MBS |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| BEAZER HOMES CORPORATION; BEAZER HOMES USA, INC.; BEAZER HOMES – COLUMBIA DIVISION; BEAZER HOMES INC.; and DON GARNER, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| And | ) |
| | ) |
| BEAZER HOMES CORP., | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE SHERWIN-WILLIAMS CO. | ) |
| | ) |
| Third-Party Defendant. | ) |

Plaintiff Jennifer Champy ("Plaintiff") is suing Beazer Homes Corporation ("Defendant"), Beazer Homes USA Inc., Beazer Homes – Columbia Division, and Beazer Homes Inc.[1] for negligence, breach of implied warranty, breach of express warranty, and breach of contract. ECF No. 1-1. Defendant in turn is suing Sherman Williams Corporation ("Third-Party Defendant") to be indemnified and held harmless for Plaintiff's alleged injuries. ECF No. 7. This matter is currently before the court on two motions: (1) Third-Party Defendant's motion

---

[1] The court dismissed Defendant Don Garner from the pending cause of action on March 21, 2016. ECF No. 29.

1

for summary judgment (ECF No. 36), and (2) Defendant's motion for leave to file an amended third-party complaint (ECF No. 39).

Third-Party Defendant filed a motion for summary judgment on August 12, 2016, asserting that Defendant is unable to produce the contract stating Third-Party Defendant agreed to indemnify Defendant, and accordingly cannot prove contractual indemnity as a matter of law. ECF No. 36. Defendant filed a response on September 12, 2016, stating the summary judgment motion is premature as six months remain under the discovery schedule. ECF No. 40. For the reasons stated below, Third-Party Defendant's motion for summary judgment is **DENIED**. However, Third-Party Defendant may renew its motion for summary judgment on or after February 1, 2017, should it chose to do so.

On September 9, 2016, Defendant filed a motion for leave to file an amended third-party complaint. ECF No. 39. Third-Party Defendant objected to Defendant's motion, arguing that the scheduling order deadline has passed and Defendant cannot show "good cause" to permit the amended complaint. ECF No. 41. For the reasons stated below Defendant's motion for leave to file an amended third-party complaint is **DENIED**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Plaintiff purchased a home at 128 Pennsylvania Court in Chapin, South Carolina ("128 Pennsylvania Court") from Defendant. ECF No. 1-1 ¶ 8. Plaintiff alleges she repeatedly advised Defendant of pre-existing respiratory health concerns, and that she needed the newly constructed home to be free from large amount of dust, dirt, and other debris. *Id.* at ¶ 9. Defendant allegedly agreed and pledged to use care in the construction of Plaintiff's home. *Id.* at ¶ 10. After moving into her new home, Plaintiff began to suffer worsening respiratory conditions and was admitted to the hospital for treatment on numerous occasions. *Id.* at ¶¶ 12–13. Plaintiff

2

removed the carpet and discovered large amounts of dust and debris below the carpet. *Id.* at ¶ 14. Since removing the carpet and installing hardwood floors, Plaintiff's respiratory health has substantially improved. *Id.* at ¶ 15.

Plaintiff initiated the lawsuit in July 2015. ECF No. 1. Plaintiff alleges that Defendant was negligent, breached its express and implied warranty, and breached its contract. ECF No. 1-1. On October 9, 2015, Defendant filed a third-party complaint against Third-Party Defendant seeking indemnification. ECF No. 7 ¶¶ 24–31. Defendant alleged that Third-Party Defendant was the subcontractor responsible for installing the carpet for 128 Pennsylvania Court. ECF No. 7 ¶ 28. Further, Defendant alleges that under the contract, Third-Party Defendant agreed to "defend, indemnify, and hold harmless [Defendant] for any and all claims arising out of [Third-Party Defendant's] work." *Id.* at ¶ 29. Third-Party Defendant asserts that Defendant has been unable to produce the contract; therefore, the court should grant Third-Party Defendant's motion for summary judgment. ECF No. 36. Defendant argues that discovery has not been completed and it is still attempting to locate the contract. ECF No. 40. The applicable discovery order states that "[d]iscovery shall be completed no later than April 24, 2017." ECF No. 35 at 2.

After Third-Party Defendant moved for summary judgment, Defendant filed a motion for leave to amend the third-party complaint. ECF No. 39. Defendant sought to add a claim of "equitable indemnification." ECF No. 39-1. Third-Party Defendant opposes the motion on the grounds that the deadlines to amend pleadings under the scheduling order has passed and Defendant cannot show "good cause" to set aside the scheduling order. ECF No. 41 at 2–3. The scheduling order states that all motions to amend pleadings must be submitted by January 8, 2016. ECF No. 21. Defendant filed the pertinent motion on September 9, 2016. ECF No. 39.

3

## II.     DISCUSSION

### A.  Third-Party Defendant's Motion for Summary Judgment

Third-Party Defendant asserts that it is entitled to summary judgment as a matter of law. The court shall grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. Rule 56(a). The moving party must initially show that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the non-moving party must demonstrate specific, material facts that give rise to a genuine issue. *Id.* at 324. The moving party will be entitled to a judgment as a matter of law if the "nonmoving party has failed to make a sufficient showing on an essential element of her case." *Id.* at 323.

To hold Third-Party Defendant liable for contractual indemnity, the Defendant must produce evidence of the contract at issue. *See Stoneledge at Lake Keowee Owners Assn. v. Builders FirstSource-Southeast Grp.*, 776 S.E.2d 424 (S.C. Ct. App. 2015). Further, the physical contract is required under the Best Evidence Rule, Federal Rules of Evidence Rule 1002, which requires "an original writing, recording, or photograph [ ] in order to prove its content unless these rules or a federal statute provide otherwise." Fed. R. Evid. 1002. In *Stoneledge,* the court held that "witness testimony without reference to a specific writing—is inadmissible to prove the contract contained an indemnity provision." 776 S.E.2d at 641 (interpreting South Carolina's similar Best Evidence Rule). Accordingly, the contract is a vital piece of discovery to demonstrate Third-Party Defendant's liability.

Summary judgment is only proper "after an adequate time for discovery." *Id.* at 322. The Supreme Court in *Anderson v. Liberty Lobby* stated that "summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential

4

to his opposition." 477 U.S. 242, 250 n.5 (1986). The *Celotex* Court found there was "adequate time" for discovery as the action commenced in September 1980 and the motion for summary judgment was filed in September 1981. 477 U.S. at 326. In *Investors Title Insurance Company*, the court of appeals held that summary judgment was premature when the plaintiff moved for summary judgment four weeks after the court entered the applicable scheduling order and four months before discovery was to end. *Investor Title Ins. Co. v. Bair*, 232 F.R.D. 254, 256 (4th Cir. 2005); *see also Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (finding summary judgment premature where eleven weeks remained on scheduling order). Here, the third-party complaint was filed on October 9, 2015, and the motion for summary judgment filed on September 12, 2016. Defendant has had well over a year to find its contract with Third-Party Defendant. However, under the agreed upon scheduling order, discovery will not be completed until April 24, 2017.

When a party opposes summary judgment on the grounds that additional discovery is warranted, the party generally must file an affidavit under Federal Rules of Civil Procedure Rule 56(d) that specifies "which aspects of discovery required more time to complete." *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995). There is "great weight on the Rule 56(f) affidavit," and "the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that discovery was inadequate."[2] *Id.* However, when the "nonmoving party, through no fault of its own, has had little or no opportunity to conduct discovery, and when fact-intensive issues, such as intent, are involved, courts have not always insisted on a Rule 56(f) affidavit if the nonmoving party has adequately informed the district court that the motion is premature and that

---

[2] The 2010 Amendments to the Federal Rules of Civil Procedure re-organized Rule 56. Rule 56(f) is now Rule 56(d). The amendments did "not affect continuing development of the decisional law construing and applying" the applicable phrases. Fed. R. Civ. P. 56(d) advisory committee's note to 1946 amendment.

more discovery is necessary." *Harrods Ltd.*, 302 F.3d at 244. Essentially, if the opposition to summary judgment "serve[s] as the functional equivalent of an affidavit and the nonmoving party was not lax is pursuing discovery," the court may decline to order summary judgment. *Id.* at 245. To serve as a functional equivalent, the nonmoving party should "provide reasonable 'notification and explanation' for why more time for discovery was necessary and what the parties intended to discover that was not yet in the record." *Zipit Wireless Inc. v. Blackberry Ltd.*, No. 6:13-2969, 2016 WL 5933975 at *10 (D.S.C. Oct. 12, 2016) (citing *Dave & Buster's, Inc. v. White Flint Mall, LLLP*, 615 Fed App'x 552, 561 (4th Cir. 2015).

Here, the Defendant failed to file a Rule 56(d) affidavit. However, Defendant's opposition clearly provides notification and explanation as to why more discovery is needed, namely, Defendant is still searching for the applicable subcontract. Defendant argues that there is still seven months of discovery remaining and either Defendant or Third-Party Defendant may find the contract. ECF No. 40 at 2. This notification and explanation for why more discovery is needed accords with the court's view that summary judgment is premature. Accordingly, the court finds that Third-Party Defendant's motion for summary judgment is premature and excuses Defendant's failure to file a Rule 56(d) affidavit.

    B.  <u>Defendant Motion for Leave to Amend Third-Party Complaint</u>

Defendant moved for leave to file an amended third-party complaint on September 9, 2016. However, the deadline for filing motions to amend pleadings was January 8, 2016. ECF No. 21. After the deadlines provided in the scheduling order have passed, the court must use the "good cause" standard provided in Federal Rules of Civil Procedure Rule 16(b) to consider whether to grant leave to amend the pleadings. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). If the movant satisfies the "good cause" standard, the court considers

whether to grant the amendment under the Federal Rules of Civil Procedure Rule 15(a) standards. *Dilmar Oil Co. Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997). Rule 16(b)'s "good cause" standard "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Id.* Essentially, the court considers whether "some of the evidence needed by the Plaintiff to prove his or her claim did not surface until after the amendment deadline" or if the evidence could have been discovered prior to the scheduling order deadline. *George v. Duke Energy Retirement Cash Balance Plan*, 560 F. Supp. 2d 444, 480 (D.S.C. 2008).

Defendant attempts to excuse its tardiness by stating that the amendment deadline was just three weeks after Third-Party Defendant's answer and that there were ongoing discussions between Defendant's counsel and Third-Party Defendant's counsel regarding the missing subcontract. ECF No. 42 at 3. Additionally, Defendant asserts Third-Party Defendant's discovery responses that indicated they did not have the applicable contract were not returned until May 2016, four months after the amendment deadline. *Id.* However, Defendant's argument is not persuasive. First, the court notes that Defendant did not seek leave of court until five months after Defendant received discovery responses, and that it had been discussing the missing contract with Third-Party Defendant since at least January 2016. *See id.* The court finds that Defendant did not diligently seek to amend its pleadings. Furthermore, Defendant was aware that it did not have the contract; therefore, it could have pleaded in the alternative in its initial pleadings. In this matter, there was merely continued confirmation that the contract was missing. Defendant's arguments that the causes of action draw from similar facts and discovery is ongoing for many more months is unpersuasive as the argument touches on Rule 15's "lack of prejudice" requirement, not Rule 16's "good cause" requirement. *See* ECF No. 42 at 3. The court

does not find good cause for granting leave to amend; therefore the court denies the motion for leave to file an amended third-party complaint.

### III.     CONCLUSION

Third-Party Defendant's motion for summary judgment is **DENIED** as premature. However, Third-Party Defendant may renew its motion for summary judgment on or after February 1, 2017. Defendant's motion for leave to file amended third-party complaint is **DENIED**.

 s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

November 2, 2016
Columbia, South Carolina